FILED

August 13, 2025

TN COURT OF
WORKERS' COMPENSATION
CLAIM

1:17 PM (CT)



# TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Macey McGuire, | ) | |
|      **Employee,** | ) | **Docket No. 2025-60-0654** |
| **v.** | ) | |
| TC Restaurant Group, LLC, | ) | |
|      **Employer,** | ) | **State File No. 2734-2024** |
| Wesco Insurance Company, | ) | |
|      **Carrier,** | ) | |
| **And** | ) | |
| Troy Haley, as Administrator of the | ) | **Judge Joshua D. Baker** |
| Subsequent Injury and Vocational | ) | |
| Recovery Fund for the State of | ) | |
| Tennessee. | ) | |

---

## EXPEDITED HEARING ORDER
## (DECISION ON THE RECORD)

---

Ms. McGuire requested a decision based on a review of the record seeking reinstatement of medical treatment and temporary disability benefits for a back injury. Because her authorized treating physician does not believe she suffered a work-related injury, the Court denies her request for benefits at this time.

### Motions to Strike

Before delving into the merits of Ms. McGuire's request, the Court must address defense counsel's two motions. Both motions request to strike filings by Ms. McGuire and relate to deadlines established by this Court in its notice docketing this claim for review on the record. The docketing notice listed documents it was considering when reviewing the claim and gave the parties deadlines.

Relevant here, the docketing notice said, "On or before July 16, 2025, each party shall file any objections to the admissibility of any document listed above and specifically state the legal basis for the objection." The notice also gave aa July 23 deadline for filing position statements and stated that the Court will not consider any position statements filed after the deadline.

Just two minutes before midnight on July 17, Ms. McGuire filed objections to portions of the listed documents and followed this up by filing an amended, more detailed, list of objections on July 25. Defense counsel opposed the objections and moved to strike them as untimely. The Court agrees and strikes the objections raised by Ms. McGuire in both her July 17 and July 25 filings.

Ms. McGuire did not file her position statement until July 25. She said a serious family emergency prevented her from filing it on time and sent an email to the court clerk detailing the circumstances. The clerk forwarded this to defense counsel the next morning, and defense counsel moved to strike the position statement. Under the circumstances described in her email to the clerk, the Court grants her additional time and accepts the position statement.

## Claim History

On December 22, 2023, Ms. McGuire injured her back at work "bending forward and twisting [her] upper body . . . to retrieve a fallen serving tray."

Initially, TC Restaurant Group provided medical treatment and paid temporary disability benefits. Ms. McGuire selected orthopedic spine surgeon Dr. Mitul Patel from a panel. After an MRI, Dr. Patel diagnosed "acute on chronic low back pain" and suspected a "lumbar strain" with "possible disk bulge [at] L4-L5/L5-S1."

On April 22, 2024, he signed a causation questionnaire in which he agreed the "work accident contribute[d] more than 50% to Ms. McGuire's current complaints." When asked if the work incident had caused a permanent aggravation, he circled, "Cannot state."

About a month later, Dr. Patel seemed confused in Ms. McGuire's medical record about her "diffuse symptoms not only in her back but also the neck and the entire left side of her upper and lower extremities." He wrote, "She is concerned about these neurologic symptoms. She asks for a neurology referral." Although Dr. Patel wrote the referral, he expressed some doubt about its necessity by writing, "I am not sure if Workmen's Compensation will cover this. She has simply had so many symptoms ever since she had this relatively benign work-related injury where she dropped a tray and bent over to pick it up."

In June 2024, defense counsel sent Dr. Patel video surveillance of the work accident and a written account from Ms. McGuire about what happened. Counsel asked Dr. Patel to review both the video and statement and then to respond to a series of questions by marking "yes" or "no."

As evidenced by his responses, Dr. Patel's opinion on medical causation changed after reviewing the video and statement. He could no longer state with a reasonable degree of medical certainty that Ms. McGuire suffered a lumbar strain or that her disc bulge

resulted from the work incident. He also saw no other injury that might have occurred from the incident.

Dr. Patel thought Ms. McGuire's description of her mechanism of injury and "pain behavior" differed from what he saw in the video. He also concluded a neurology referral was unnecessary and unrelated to the work accident. He did not believe Ms. McGuire's "present disabled state/inability to work [was] primarily due to any injury primarily caused by this work incident." He could not cite "any objective medical reason Ms. McGuire cannot work in any capacity."

TC Restaurant Group denied the claim. Ms. McGuire then filed this request for expedited hearing.

## Findings of Fact and Conclusions of Law

To receive benefits at an expedited hearing, Ms. McGuire must prove she is likely to prevail at a final hearing. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To prove a compensable injury, an employee must show "to a reasonable degree of medical certainty that [the work accident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Further, the paneled physician's opinion is presumed correct on causation but is rebuttable by a preponderance of the evidence. Tenn. Code Ann. § 50-6-102(12)(A)-(E) (2025).

Dr. Patel, whom Ms. McGuire chose from a panel, answered unequivocally and to a reasonable degree of medical certainty that what he observed in the video would not have caused an injury, including a lumbar strain or a disc bulge, or any disability from working.

While Ms. McGuire argued that Dr. Patel's older opinion deserved greater weight, the Court rejects that argument, as Dr. Patel had the benefit of additional information—namely, an accident video and Ms. McGuire's written account—when forming his recent opinion. Because that opinion is presumed correct, and without any contrary expert medical opinion, Ms. McGuire is unlikely to prevail in proving a work-related injury at a final hearing.

It is **ORDERED** as follows:

1. Ms. McGuire's request for benefits is denied at this time for lack of medical proof.

2. The Court sets a **status hearing for Monday, December 1, 2025, at 10:00 a.m. Central Time**. The parties must call (615) 741-2113 to participate. Failure to call might result in a determination of the issues without your participation.

**ENTERED August 13, 2025.**

_____
**JOSHUA D. BAKER, JUDGE**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Documentation in TNComp Document No. 132024
2. Documentation in TNComp Document No. 132025
3. Documentation in TNComp Document No. 132026
4. Wage Statement, TNComp Document No. 132022
5. Rule 72 Declaration of Macey Maguire, TNComp Document No. 13727
6. C-42 Panel selecting Dr. Mitul Patel
7. Medical questionnaire opinions by Dr. Patel
8. Employee's Detailed Incident Report
9. Notice of Denial
10. Email correspondence to Employee's counsel regarding claim denial

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as shown on August 13, 2025.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Macey McGuire, Employee | | X | maceyjmcguire@gmail.com |
| Amy Brown, Nick Peterson, Employer's Attorneys | | X | amy.brown@petersonwhite.com nick.peterson@petersonwhite.com |
| Laurenn Disspayne, Attorney for the Fund | | X | Laurenn.disspayne@tn.gov |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**NOTICE OF APPEAL**
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

**Parties**

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*